UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JUAN ARRIOLA**,

    Plaintiff,

v.                                                                2:23-cv-473-JLB-NPM

**NATIONAL SPECIALTY INSURANCE COMPANY**,

    Defendant.

---

**ORDER**

Plaintiff Juan Arriola brought this breach-of-contract action against defendant National Specialty Insurance Company for property damage due to Hurricane Ian. National requested an inspection of Arriola's property, and upon doing so, the parties conferred about the terms and conditions of National's proposed inspection. (Doc. 27-1). Arriola agreed to the inspection, but his counsel insisted that National obtain a court order for entry upon the property. (Doc. 27 at 2-3). National responded that, with no disagreement about the contemplated inspection, there was no need for a court order, nor any need to burden National with the fees and expenses related to filing a motion to obtain one. (Doc. 27-1; Doc. 27-2). National further advised Arriola's counsel that if it were unnecessarily put to the task of filing a motion, it would seek an expense-of-motion award. Nonetheless, Arriola's counsel—in contravention of the federal rules and the orders of this court—did not relent. So, National filed the motion. (Doc. 23). And even though the motion requested an

expense-of-motion award, no response was filed on Arriola's behalf. National then filed an amended motion (Doc. 27) to clarify that neither Arriola nor his counsel had expressly agreed to the entry of an expense-of-motion award against them. But again, no response.

As National advised—and presumably reminded—Arriola's counsel, the Federal Rules of Civil Procedure require litigants to avoid the filing of unnecessary discovery motions. *See* Rule 1 (providing that the rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"); Rule 29(b) (parties may stipulate to "procedures governing or limiting discovery"); Rule 37(a)(5)(A) (when granting a motion to compel, the court must "require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees").

And, in more ways than one, the Civil Action Order docketed at the inception of this case counsels against the conduct that necessitated the instant motions. It reminds the parties that they may "stipulate—within the confines of the court's orders—to methods, procedures, and extensions of time for discovery without court intervention." (Doc. 6 ¶ 9). It refers the parties to the court's Discovery Manual, which states: "Discovery in this district should be practiced with a spirit of cooperation and civility." And, while reminding the parties of their duty to secure

"the just, speedy, and inexpensive disposition of this action," the order cites 28 U.S.C. § 1927, which prohibits counsel from multiplying "the proceedings in any case unreasonably and vexatiously." Moreover, the scheduling order states: "The court expects that discovery motions will be rare if not nonexistent." (Doc. 8 at 7).

Given the circumstances and the authorities cited above, the court finds it entirely consistent with the interests of justice for Arriola's counsel to reimburse National for the reasonable expenses it incurred in making the instant motions, including its attorney's fees. Accordingly, National's amended motion for entry upon land (Doc. 27) is **GRANTED**. The original form of the motion (Doc. 23) is **DENIED as moot**. If they have yet to do so, the parties must immediately conduct and complete the agreed-upon inspection.

By **March 19, 2024,** National may file a declaration delineating its fees and expenses related to these motions, or National may file a notice certifying the parties have resolved its request for an expense-of-motion award. Within **fourteen (14) days** of the filing of any such declaration, Arriola's counsel may file a response discussing the reasonableness of the fees and expenses requested but not National's entitlement to them.

                                                 **ORDERED** on March 5, 2024.

                                                 NICHOLAS P. MIZELL
                                                 United States Magistrate Judge